COURTESY COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

LORETTA ZWICKEL, Individually and On
Behalf of All Others Similarly Situated,

                       Plaintiff,

    vs.

TARO PHARMACEUTICAL INDUSTRIES
LTD., et al.,

                   Defendants.

---------------------------------------------------------- x

:  Civil Action No. 04-CV-5969
:  **(Consolidated)**
:
:  **ELECTRONICALLY FILED**
:
:  CLASS ACTION
:
:  ORDER APPROVING NOTICE AND
:  SCHEDULING HEARING
:





**WHEREAS** Lead Plaintiffs the International Union of Painters and Allied Trades Industry Pension Funds, and Locals 302 and 612 of the International Union of Operating Engineers–Employer Construction Industry Retirement Trust ("Lead Plaintiffs") and Defendants Taro Pharmaceutical Industries Ltd. ("Taro"), Barrie Levitt, Aaron Levitt, Samuel Rubenstein and Kevin Connelly ("Defendants") have determined to settle all claims involving Defendants in this litigation (the "Litigation") on the terms set forth in the Amended Stipulation of Settlement dated June 4, 2009 (the "Stipulation" or "Settlement"), and

**WHEREAS** the Court has reviewed the record in the Litigation and the Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering the following Order:

**NOW, THEREFORE,** this _9th_ day of _June_ 2009, **IT HEREBY IS ORDERED AS FOLLOWS:**

1.      The Court preliminarily finds and concludes that the Settlement is fair, reasonable, adequate and in the best interests of the Class, preliminarily approves the Settlement, and adopts the terms of the Settlement for the purpose of this Order.

2.      The Court preliminarily certifies the Class, for settlement purposes, defined as all Persons who purchased or otherwise acquired the securities of Taro during the period February 20, 2003 through October 30, 2006, inclusive, except Defendants, the officers and directors of the Company during the period February 20, 2003 through October 30, 2006, inclusive (the "Class Period"), members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest, finding and concluding that the Class meets the requirements of 23(a) and (b)(3) of the Federal Rules of Civil Procedure, subject to further consideration.

- 1 -

3.      The Court will hold a settlement hearing (the "Settlement Hearing") on September 10, 2009 at 11:00 a.m. in Courtroom 21B, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the following purposes:  (i) to determine whether the Class should be certified pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and whether the Settlement should be finally approved as fair, reasonable, adequate and in the best interests of the Class, (ii) to determine whether a Final Order and Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing all claims in the Litigation against Defendants with prejudice, (iii) to rule upon the Plan of Allocation, (iv) to rule upon Lead Plaintiffs' application for an award of expenses incurred in connection with the Litigation, and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

4.      The Court appoints Gilardi & Co. LLC as Claims Administrator.

5.      Within five calendar (5) days of entry of this Order, Taro shall provide to the Claims Administrator, at its own expense, the Company's transfer records, in a readable format acceptable to the Claims Administrator.

6.      Notice of the Settlement and the Settlement Hearing shall be given by Lead Plaintiffs' counsel to members of the Class who can be identified through reasonable effort (i) by mailing by first class postage pre-paid mail a notice substantially in the form attached as Exhibit C to the Stipulation (the "Notice") and a proof of claim form substantially in the form attached as Exhibit E to the Stipulation (the "Proof of Claim Form") within 10 calendar days after the date of entry of this Order, (ii) by publishing a summary form of notice once in Investor's Business Daily substantially in the form attached as Exhibit D to the Stipulation (the "Summary Notice") within 5 business days after the mailing of the Notice, and (iii) by posting the Notice and Proof of Claim form on the Claims Administrator's website at www.Gilardi.com within 10 calendar days of the entry of this

- 2 -

Order. Brokerage firms and other nominees for beneficial owners of shares of Taro securities who receive the Notice are ordered to forward promptly a copy of the Notice to the beneficial owners (or to promptly forward the names and addresses of the beneficial owners to the Claims Administrator for the Settlement for forwarding by the Claims Administrator to the beneficial owners).

7.      The Court finds and concludes, with respect to both the form of the notice to be given and the procedure used to give notice, that the notice provided for in this Order is the best notice reasonably practicable under the circumstances, fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(a)(7), the Constitution of the United States, and any other applicable law, and constitutes due and sufficient notice to all persons entitled to receive notice.

8.      Taro shall pay the Settlement Amount into the Registry of the Clerk of the United States District Court for the Southern District of New York, which shall transfer said funds to the Clerk of the United States District Court for the Southern District of Texas for deposit into the CRIS account. These funds shall be held in the CRIS account until such time as the Court orders their disbursement.

9.      Any member of the Class may request exclusion from the Class. Any request for exclusion from the Class must be in writing, must be mailed to the address stated in the Notice no later than July 24, 2009, unless good cause is shown for an extension of this deadline, and must include the following information: (i) the person's or entity's name, address and telephone number, (ii) the dates that the person or entity requesting exclusion purchased and sold shares of Taro securities during the period beginning on February 20, 2003 and concluding on October 30, 2006, and (iii) the number of shares of Taro common stock purchased and sold on each of these dates and

- 3 -

the prices of each of these purchases and sales. The request to be excluded must be mailed by first

class postage pre-paid mail to the addresses specified in the Notice. Any person or entity who

requests exclusion from the Class in accordance with the terms stated in this Order shall not be a

member of the Class, shall not be bound by the terms of the Settlement, and shall have no right to

participate in the distribution of the Settlement Fund (as that term is defined in the Stipulation).

10.   Any member of the Class who does not request exclusion from the Class in the

manner stated in this Order shall be deemed to have waived his, her or its right to be excluded from

the Class, and shall forever be barred from requesting exclusion from the Class in this or any other

proceeding.

11.   Any member of the Class who does not request exclusion from the Class in the

manner required by this Order may object to the Settlement, the Plan of Allocation, the application

for expenses and/or the adequacy of representation or otherwise request to be heard in person or by

counsel concerning any matter properly before the Court at the Settlement Hearing. Any objection,

statement or request to be heard at the Settlement Hearing must be in writing and mailed to the

counsel identified in the Notice and postmarked no later than July 24, 2009, unless good cause is

shown for an extension of this deadline. Any objection, statement or request to be heard at the

Settlement Hearing must include the following information: (i) the person's or entity's name,

address and telephone number, (ii) the dates the person or entity objecting to the Settlement or

requesting to be heard at the Settlement Hearing purchased and sold shares of Taro securities during

the period beginning on February 20, 2003 and concluding on October 30, 2006, (iii) the number of

shares of Taro securities purchased and sold on each of these dates and the prices of each of these

purchases and sales, (iv) a statement of the basis for the person's or entity's objections to or

comments upon the Settlement, the Plan of Allocation, the request for expenses, or any other matter

before the Court, and (v) any supporting papers, including all documents and writings that the person or entity wants the Court to consider.  The objection, statement or request to be heard at the Settlement Hearing received by Lead Plaintiffs' Counsel must be filed with the Clerk of the Court by Lead Plaintiffs' Counsel no later than ~~21~~ **14** calendar days prior to the Settlement Hearing on September 10, 2009.



12.    Any member of the Class who does not object to the Settlement, the Plan of Allocation, or the request for expenses or otherwise requests to be heard at the Settlement Hearing in the manner required by this Order shall be deemed to have waived his, her or its right to object to the Settlement, the Plan of Allocation or the request for expenses or otherwise be heard concerning these subjects, and shall forever be barred from objecting to the Settlement, the Plan of Allocation or the request for expenses or from otherwise being heard concerning these subjects in this or any other proceeding.

13.    Any member of the Class who does not request exclusion from the Class in the manner required by this Order and who wants to share in the Settlement Fund must submit a completed Proof of Claim Form, together with the documentation requested on the Proof of Claim Form, no later than the date set in the Notice and on the Proof of Claim Form, to the address stated in the Notice and on the Proof of Claim Form unless good cause is shown for an extension of this deadline.

14.    Any member of the Class who does not submit a Proof of Claim Form in the manner stated in this Order shall be deemed to have waived his, her or its right share in the Settlement Fund, and shall forever be barred from sharing in the Settlement Fund.  Any such member of the Class, however, in all other respects shall be subject to and bound by all of the terms of the Settlement, including the terms of the Final Order and Judgment and the releases provided for by the Settlement

- 5 -

and the Final Order and Judgment unless such member of the Class has submitted a request to be excluded from the Class in the manner required by this Order.

15.     Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than August 28, 2009. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Plaintiffs' Counsel may, in their discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

16.     Pending the Settlement Hearing, the Court stays all proceedings in the Litigation involving Defendants, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

17.     Pending the Settlement Hearing, the Court enjoins Lead Plaintiffs and all members of the Class from commencing or prosecuting, either directly or indirectly, any action or proceeding asserting any of the Settled Claims (as that term is defined in the Amended Stipulation) in this forum.

18.     The fact and terms of this Order, the Settlement, and all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, shall not constitute any evidence, or an admission by any of Defendants or the Released Persons (as that term is defined in the Stipulation), that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of any of Defendants or the Released Persons. The fact and terms of this Order, the Settlement, and all negotiations, discussions, drafts and

- 6 -

proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal except as necessary to enforce the terms of this Order and/or the Settlement, including, but not limited to, the Final Order and Judgment (as that term is defined in the Stipulation) and the releases provided for in the Final Order and Judgment and the Settlement.

19.     In the event that the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Order (except this Paragraph) shall be null and void, the Settlement (except Paragraphs 31-32 of the Stipulation) shall be deemed terminated, and the parties shall return to their positions as provided for in the Settlement.

20.     All moving papers in support of the Settlement, Plan of Allocation and request for expenses shall be filed no later than June 19, 2009, and all reply memoranda shall be filed and served no later than 7 calendar days before the Settlement Hearing.

SO ORDERED:

Counsel shall apply to
Court below
distributing expenses
Document1
(either of counsel
on Claims Administration,
etc)
RMB

RMB

_____
THE HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE
6/8/09

-7-