UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/09

---------------------------------------- x
LORETTA ZWICKEL, Individually and On  :  Civil Action No. 04-CV-5969
Behalf of All Others Similarly Situated,  :  **(Consolidated)**
                                      :
                        Plaintiff,    :  **ELECTRONICALLY FILED**
                                      :
    vs.                               :  <u>CLASS ACTION</u>
                                      :
TARO PHARMACEUTICAL INDUSTRIES        :  FINAL ORDER AND JUDGMENT
LTD., et al.,                         :
                                      :
                        Defendants.   :
                                      :
---------------------------------------- x

**WHEREAS** Lead Plaintiffs the International Union of Painters and Allied Trades Industry Pension Funds, and Locals 302 and 612 of the International Union of Operating Engineers – Employers Construction Industry Retirement Trust ("Lead Plaintiffs") and Defendants Taro Pharmaceutical Industries Ltd. ("Taro"), Barrie Levitt, Aaron Levitt, Samuel Rubenstein and Kevin Connelly ("Defendants") have determined to settle all claims involving Defendants in this litigation (the "Litigation") on the terms set forth in the Amended Stipulation of Settlement dated June 4, 2009 (the "Stipulation" or "Settlement"), and

**WHEREAS** the Court has reviewed the record in the Litigation and the Stipulation, and having considered all submissions to and presentations at a hearing held on September 10, 2009 (the "Settlement Hearing") following notice of the Settlement and the Settlement Hearing given in accordance with this Court's June 9, 2009 Order Approving Notice and Scheduling Hearing, and

**WHEREAS** the Court has found good cause for entering the following Final Order and Judgment:

NOW, THEREFORE, THIS _15_ DAY OF _Sept._, 2009, IT HEREBY IS **ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Court finds and concludes that notice was given to members of the Class in compliance with the Court's Notice and Settlement Hearing Order.

2. The Court finds and concludes, with respect to both the form of the notice given and the procedure used to give notice, that the notice given is the best notice reasonably practicable under the circumstances, fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the

- 1 -

"PSLRA"), 15 U.S.C. §78u-4(a)(7), the Constitution of the United States, and any other applicable law, and constitutes due and sufficient notice to all persons entitled to receive notice.

3.  The Court finds and concludes that the Settlement is fair, reasonable, adequate and in the best interests of the Class, approves the Settlement, adopts the terms of the Settlement, and directs consummation of the Settlement pursuant to its terms.

4.  The Court finds and concludes that the provisions in the Settlement providing for the distribution of the settlement proceeds to members of the Class (the "Plan of Allocation") are fair, reasonable, adequate and in the best interests of the Class, approves the Plan of Allocation, adopts the terms of the Plan of Allocation, and directs consummation of the Plan of Allocation pursuant to its terms.

5.  The Court certifies the Class as defined in the Stipulation for settlement purposes.

6.  The Effective Date of the Settlement shall be one business day following the latest of the following events:

(a)  The date upon which the time expires for filing or noticing any appeal of this Final Order and Judgment, other than an appeal solely with respect to the Plan of Allocation, and/or the Court's findings and conclusions pursuant to Section 21D(c)(1) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. §78u-4(c)(1) and/or the award of expenses to Lead Plaintiffs' Counsel; and

(b)  If there is an appeal or appeals, other than an appeal or appeals solely with respect to the Plan of Allocation and/or the Court's findings and conclusions pursuant to Section 21D(c)(1) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. §78u-4(c)(1), and/or an award of expenses to Lead Plaintiffs' Counsel, the completion, in a manner that affirms and leaves in place this Final Order and Judgment without any material modification, of all

proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand).

7. Upon the Effective Date, the following persons (the "Released Persons") will be fully and finally released and discharged with respect to the Released Claims (as defined below): Lead Plaintiffs and Lead Plaintiffs' Counsel, all members of the Class, Defendants, Defendants' Counsel and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, managing members, attorneys, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons or entities.

8. Upon the Effective Date, the following claims (the "Released Claims") will be released with respect to the Released Persons, except the claims identified in sub-paragraph (5) of this Paragraph:

    1. All claims, causes of action and rights, whether known or unknown, against Defendants and their corresponding Released Persons, belonging to Lead Plaintiffs, Plaintiffs' Counsel and any or all Class Members and their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, managing members, attorneys, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities, including, without limitation, any claims, causes of action and rights, whether direct, derivative, representative or in any other capacity, arising under federal, state, local or foreign, statutory or common law or any other law, rule or regulation, including the law of any foreign jurisdiction, that relate in any way to any violation of state, federal or any foreign jurisdiction's securities laws, any misstatement, omission or disclosure (including in financial statements), any breach of duty, any negligence or fraud, or any other alleged wrongdoing or misconduct by Defendants and/or the corresponding Released Persons relating to acts, events, circumstances or transactions which were alleged or could have been alleged in the Litigation and arise out of, are based on, or relate in any way to the purchase or other acquisition of Taro

securities during the Class Period or impact or affect the price for Taro securities during the Class Period;

2. All claims, causes of action and rights, whether known or unknown, against Defendants and their corresponding Released Persons, for contribution as "covered persons" under Section 21D(f)(7)(A) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. §78u-4(f)(7)(A), belonging to any person or entity, and his, her or its present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, managing members, attorneys, financial or other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities, including, without limitation, any claims, causes of action and rights for contribution, whether direct, derivative, representative or in any other capacity, arising under federal, state, local or foreign, statutory or common law or any other law, rule or regulation, including the law of any foreign jurisdiction, that relate in any way to any violation of state, federal or any foreign jurisdiction's securities laws, any misstatement, omission or disclosure (including in financial statements), any breach of duty, any negligence or fraud, or any other alleged wrongdoing or misconduct by Defendants and/or the corresponding Released Persons relating to acts, events, circumstances or transactions which were alleged or could have been alleged in the Litigation and arise out of, are based on, or relate in any way to the purchase or other acquisition of Taro securities during the Class Period or impact or affect the price for Taro securities during the Class Period;

3. All claims, causes of action and rights, whether known or unknown, against Lead Plaintiffs, Plaintiffs' Counsel and/or any or all Class Members and their corresponding Released Persons, belonging to Defendants and their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, managing members, attorneys, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities, including, without limitation, any claims, causes of action and rights, whether direct, derivative, representative or in any other capacity, arising under federal, state, local or foreign, statutory or common law or any other law, rule or regulation, including the law of any foreign jurisdiction, that relate in any way to any violation of state, federal or any foreign jurisdiction's securities laws, any misstatement, omission or disclosure (including in financial statements), any breach of duty, any negligence or fraud, or any other alleged wrongdoing or misconduct by Defendants and/or the corresponding Released Persons relating to acts, events, circumstances or transactions which were alleged or could have been alleged in the Litigation and arise out of, are based on, or relate in any way to the purchase or other acquisition of Taro securities during the Class Period or impact or affect the price for Taro securities during the Class Period or relating in any way to the institution or prosecution of the Litigation and the Released Claims by Lead Plaintiffs, Lead Plaintiffs' Counsel and/or any or all members of the Class and/or the corresponding Released Persons; and

4. All claims, causes of action and rights, whether known or unknown, against each Defendant and his or its corresponding Released Persons, belonging to any other

- 4 -

Defendant or Defendants or any other person or entity that might in the future be named as a defendant in this or any other action or proceeding, and their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, managing members, attorneys, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities, including, without limitation, any claims, causes of action and rights, whether direct, derivative, representative or in any other capacity, arising under federal, state, local or foreign, statutory or common law or any other law, rule or regulation, including the law of any foreign jurisdiction, that relates in any way to any violation of state, federal or any foreign jurisdiction's securities laws, any misstatement, omission or disclosure (including in financial statements), any breach of duty, any negligence or fraud, or any other alleged wrongdoing or misconduct by Defendants and/or the corresponding Released Persons relating to acts, events, circumstances or transactions which were alleged or could have been alleged in the Litigation and arise out of, are based on, or relate in any way to the purchase or other acquisition of Taro securities during the Class Period or impact or affect the price for Taro securities during the Class Period.

5.   Notwithstanding anything to the contrary above, the Released Claims do not include claims (i) to enforce this Final Order and Judgment and the Settlement, and any or all of their terms, including but not limited to the releases provided for in this Final Order and Judgment, or (ii) belonging to Defendants against their insurers.

9.   The term "unknown" in the definition of the Released Claims includes claims that Lead Plaintiffs, Plaintiffs' Counsel, any or all members of the Class, and any or all other persons and entities whose claims are being released, do not know or suspect to exist, but which, if known by him, her or it, might affect his, her or its agreement to release the Released Persons and the Released Claims, or might affect his, her or its decision to object or not to object to the Settlement. Upon the Effective Date, Lead Plaintiffs, Plaintiffs' Counsel, all members of the Class, and all other persons and entities whose claims are being released, shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the following rights and benefits:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

- 5 -

Upon the Effective Date, Lead Plaintiffs, Plaintiffs' Counsel, all members of the Class, and all other persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, which is similar, comparable or equivalent to the above provision. Lead Plaintiffs, on behalf of themselves and the Class, and Lead Plaintiffs' Counsel acknowledge that they or Class Members may discover facts in addition to or different from those that they or members of the Class now know or believe to be true with respect to the subject matter of this release, but that it is their intention, on behalf of themselves and the Class, fully, finally and forever to settle and release the Released Claims, including unknown claims, as that term is defined in this Paragraph.

10. The term "Settled Claims" in this Final Order and Judgment includes the Released Claims against the Released Persons.

11. The Court permanently enjoins Lead Plaintiffs and all members of the Class from commencing or prosecuting, either directly or indirectly, any action or proceeding asserting any of the Settled Claims in this or any other forum.

12. The Court dismisses the Litigation against Defendants with prejudice and without costs except as provided for in this Final Order and Judgment.

13. The Court finds and concludes, pursuant to Section 21D(c)(1) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. §78u-4(c)(1), that Lead Plaintiffs, Lead Plaintiffs' Counsel, Defendants and Defendants' Counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading or dispositive motion.

14. The fact and terms of this Final Order and Judgment, the Settlement, and all negotiations, discussions, drafts and proceedings in connection with this Final Order and Judgment and the Settlement, shall not constitute any evidence, or an admission by any of Defendants or the Released Persons, that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of any of Defendants or the Released Persons. The fact and terms of this Final Order and Judgment, the Settlement, and all negotiations, discussions, drafts and proceedings in connection with this Final Order and Judgment and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal except as necessary to enforce the terms of this Final Order and Judgment and/or the Settlement, including, but not limited to, the releases provided for in this Final Order and Judgment and the Settlement.

15. In the event that the Settlement fails to become effective in accordance with its terms, or if this Final Order and Judgment is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Final Order and Judgment (except this Paragraph) shall be null and void, the Settlement (except Paragraphs 31-32 of the Amended Stipulation) shall be deemed terminated, and the parties shall return to their positions as provided for in the Settlement.

16. ~~The Court retains jurisdiction to effectuate the terms of the Settlement and over all matters related to the Settlement, including, but not limited to, this Final Order and Judgment.~~

SO ORDERED: Counsel may submit an application for expenses incurred after 9/10/09. Clerk is respectfully requested to close this case.

/s/ RMB

THE HONORABLE RICHARD M. BERMAN
United States District Judge
9/15/09

UNITED STATES DISTRICT JUDGE

C:\DOCUME~1\dscott\LOCALS~1\Temp\3\MetaSave\(v1) JGT 00061531.doc

- 8 -

CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2009, I submitted the foregoing to <u>orders and judgments@nysd.uscourts.gov</u> and e-mailed to the e-mail addresses denoted on the Court's Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 11, 2009.

                                        s/ Ellen Gusikoff Stewart
                                        ELLEN GUSIKOFF STEWART

                                        COUGHLIN STOIA GELLER
                                            RUDMAN & ROBBINS LLP
                                        655 West Broadway, Suite 1900
                                        San Diego, CA 92101-3301
                                        Telephone: 619/231-1058
                                        619/231-7423 (fax)

                                        E-mail: elleng@csgrr.com

Manual List
*Zwickel v. Taro Pharmaceuticals, Ltd., et al.*
Civil Action No. 04-CV-5969

David Scott
Scott + Scott LLP
108 Norwich Avenue
Colchester, CT 06415

Andrei V. Rado
Milberg LLP (NYC)
One Pennsylvania Plaza
New York, NY 10119

Richard A. Maniskas
Tamara Skvirky
Marc A. Topaz
Barroway Topaz Kessler
  Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

# EXHIBIT 1

## AS OF SEPTEMBER 1, 2009

## NO VALID REQUESTS FOR EXCLUSION

## HAVE BEEN RECEIVED